TOLAND *against* MURRAY AND MURRAY.

Where M. a merchant abroad, consigned goods to T. for sale for his account, and T. sent them to the defendants for sale; *held*, that the defendants were bound to account to T. for the proceeds, as their principal, and could not retain them to satisfy a demand of their own against M., and that T. might maintain the action in his own name.

THIS was an action of *assumpsit*, brought to recover the value of goods consigned by the plaintiff to the defendants, to be sold by them, as his factors.

The plaintiff's counsel, at the trial, stated, that the plaintiff and *Richard M. Mead*, of *Cadiz*, owned a quantity of tin. It was proved that early in the year 1813, *Mead* shipped the tin from *Cadiz*, consigned to the plaintiff residing in *Philadelphia*, to be sold for their joint account. The ship arrived at *New-York*, and the plaintiff sent the invoice and bill of lading to the defendants, with instructions to sell the tin. The defendants sold, and rendered an account of sales ; but refused to account for the proceeds of 264 boxes, &c. alleged to be the share of *Mead*, and against whom they claimed the right to set off the amount of a claim against *Mead*, or to retain it to indemnify them for an alleged violation of a contract between him and *J. B. M.* one of the defendants.

The defendants' counsel moved for a nonsuit, on the ground that plaintiff and *Mead* were joint owners of the tin, and that the suit should have been in their names jointly ; and because, if the plaintiff could be considered as bringing the action for account of *Mead*, it should have been commenced in the name of *Mead*, as both plaintiff and defendants were his factors. The Court overruled the motion, and decided, that as between the plaintiff and defendants, the former was to be deemed the sole owner of the whole of the tin, and entitled to bring the action in his own name. And the jury, under the direction of the judge, found a verdict for the plaintiff.

*H. Sedgwick*, for the defendants, moved to set aside the nonsuit. 1. It is a well-settled rule, that in all actions arising *ex contractu*, where the interest is in several persons, all of them, if living, must be joined in the action.

(*Dob* v. *Halsey*, 16 *Johns. Rep.* 34—40. 1 *Chitty Pl.* 6, 7. 1 *Saund.* 153. *n.* 1. 291 *f. n.*)

2. The defendants, as factors of *Mead*, have a *lien* on this property. A factor who becomes *surety* for his principal has a *lien* on the goods sold by him for his principal to the amount for which he has become surety. (*Drinkwater* v. *Goodwin, Cowp.* 251, 256.) If a factor sells goods in his own name, the vendee may set off any demand he may have against the factor, in a suit brought by the principal. (*George* v. *Claggett,* 7 *Term Rep.* 359. *and notes,* 360, 361. *Houghton* v. *Matthews,* 3 *Bos. and Pull.* 485.) The plaintiff did not appear in the character of a factor, but as a joint owner of the goods with *Mead.*

*D. B. Ogden,* contra. The injunction bill which was filed to stay the proceedings in this cause admits, that the property in the tin was in *Mead.* Notice was given to the defendants to produce the original invoice and bill of lading, which they have declined to do ; the Court are then warranted to conclude, that the tin was the property of *M.* and that the plaintiff was his factor ; and having sent it to the defendants for sale, they became his factors. There is no privity between them and *M.* the principal. A sub-factor cannot hold goods consigned to him by a factor, for any debt due from the owner. (2 *East,* 523. *Cowper,* 251.) A factor cannot dispute the title of his principal. In regard to the transaction between these parties, the plaintiff is the principal, and the defendants his factors. This question was considered and decided by the Chancellor, when the case was before him. (3 *Johns. Ch. Rep.* 569.)

*Per Curiam.* We see no reason to doubt the correctness of the decision at *Nisi Prius.* It is immaterial who was the real owner of the goods. They were received by the defendants of the plaintiff, who had a lawful right to commission them to sell the goods as his sub-agents. They must account to him, as their immediate principal, so that he may settle with *Mead.* *Toland* has a prior lien on the goods, for advances which he may have made ; and he has

NEW-YORK, a right to compel the defendants to account to him. (*Drink-*
May, 1820. *water* v. *Goodwin, Cowp,* 251.   3 *Johns. Ch. Rep.* 573.)

HARRIS        Motion for a new trial denied.
v.
BRADSHAW.

                                        Judgment for the plaintiff.